**ZHEN TONG WENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4656–ag.**

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Michael Brown, New York, NY, for Petitioner.

Charles T. Miller, United States Attorney, Fred B. Westfall, Jr., Assistant United States Attorney, Charleston, WV, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

**16**

**SUMMARY ORDER**

Zhen Tong Weng, a citizen of China, petitions for review of the BIA's order affirming Immigration Judge ("IJ") Alan Vomacka's decision denying Weng's claim for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307.

■ The IJ's decision, which was speculative and conjectural, was not supported by substantial evidence. Without any basis in the record for doing so, the IJ hypothesized an economic motive for Weng's departure from China and grounded his conclusion on conjecture. The IJ's findings are a product of the IJ's own beliefs about what is and is not plausible in China, without any basis in the record. The IJ's findings are riddled with improper assumptions. For example, the IJ determined that it was implausible that Weng would quit his job to hide his wife when he discovered that his wife was pregnant because most people would want to save money expecting a new child instead of protecting the unborn fetus from a forced abortion. Also, the IJ believed, on no basis other than personal views, that Weng was not sufficiently concerned about his wife's situation in China.

Moreover, the IJ's findings with regard to Weng's corroborative evidence and background materials are not supported by substantial evidence. The IJ's conclusion, that the State Department Report focuses more on voluntary abortions than on forcible abortions, and thus gives the impression that voluntary abortions occur more frequently, is factually incorrect. As a result of this erroneous finding, the IJ speculated that Weng's wife's abortion must have been voluntary. Additionally, the documents Weng submitted support his testimony that he and his wife agreed not to have children because of an agreement they made with the Chinese government. The fact that these documents do not corroborate Weng's testimony, that his wife was forcibly aborted, do not make them contradictory.

■ Finally, the IJ found that the abortion certificate, which he noted is the only evidence in the record to prove that Weng's wife was forcibly aborted was not authenticated. In *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–05 (2d Cir.2005), we explained that 8 C.F.R. § 287.6 is not the exclusive means of authenticating records before an IJ, partly because "asylum applicants cannot always reasonably be expected to have an authentic document from an alleged persecutor." *Id.* (citing *Gui Cun Liu v. Ashcroft,* 372 F.3d 529, 532 (3d Cir.2004)). The documents noted by the IJ as missing, are not documents that could be obtained easily by Weng in the United States. Furthermore, with regard to the abortion certificate, the

IJ did not explain what he believed would have been appropriate in order to authenticate the document.

Weng's withholding of removal and CAT claims are substantially linked to his claim for asylum; therefore, his withholding and CAT claims are remanded as well.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision in VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).